# M. M. Dick, Plff. in Err., *v.* J. D. Milligan and Wife in Right of the Wife.

A parol agreement for the sale of land is invalid under the statute of frauds; but, if the purchase money be paid in pursuance of such agreement, it may be recovered back by a personal action if the land be not conveyed.

NOTE.—The receipt in this case is to be distinguished from those cases in which third parties are led to act to their injury on the strength of the receipt. In such cases an estoppel is worked. Shroeder v. Waters, 173 Pa. 422, 34 Atl. 217; Atkins v. Payne, 190 Pa. 5, 42 Atl. 378.

A receipt given by a party to proceedings in partition for her share of the proceeds of the sale of the lands is only prima facie evidence of payment, and where such share was not paid such party may recover it, notwithstanding the receipt.

Where such party gave such receipt upon a parol agreement to convey to her lands in payment for her share of such proceeds, if such lands are not conveyed she may recover her share.

A parol contract cannot be set up to affect title to land, unless there is a surrender of possession and such improvements made by the purchaser as to make it inequitable to compel him to give it up.

Where a party to partition proceedings gave a receipt for the whole of her share of the proceeds to the defendant, and he did not pay her the amount but set up a contract which, if made, relieved him from the payment, the burden is on him to establish such contract by clear and satisfactory evidence.

(Argued October 8, 1886.　Decided November 1, 1886.)

October Term, 1886, No. 41, W. D., before Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ.　Error to the Common Pleas of Westmoreland County to review a judgment on a verdict for plaintiffs in an action of assumpsit.　Affirmed.

The facts are fully stated in the charge to the jury in the court below by Hunter, J., as follows:

"Joseph Guffey, by his last will, dated October 17, 1856, and admitted to probate November 18, 1862, devised his farm, the land about which the present dispute has arisen to his two daughters, Mary and Martha.　The latter is still living and is the plaintiff in this action.　Mary became the wife of M. M. Dick, in 1867, and died some three years after her marriage, leaving surviving her a son Jeremiah and her husband the present defendant.

"It would appear that the plaintiff and the defendant enjoyed the land in common up until it was divided by proceedings in partition, which were commenced in August, 1871, and consummated, at least, in February, 1872.　The inquest divided the land into two purparts, *viz.:* 'A,' containing 57 acres and 120 perches, which was valued at $122.50 per acre; and 'B,' containing 55 acres and 133 perches, valued at $115.41 per acre.

"It appears by the record that Martha, the plaintiff, appeared

in court and elected to take part 'B,' at the valuation, and the same was accordingly decreed to her. Whereupon she entered into recognizance to pay to Major Dick, who was guardian of his son Jeremiah, the sum of $3,221.73, that being the child's share, or one half. Part 'A' was ordered to be sold, and was sold at public sale for $252 per acre, or for the round sum of $14,553. The sale was confirmed on the 15th of May, and a deed executed for the land to A. C. Hamilton, Esq., who was returned by the trustee as being the purchaser. The sale was confirmed on the 27th of May, 1872. After deducting the costs, amounting to $528.29, the net proceeds of the sale would be $14,024.70; and that, divided between the two heirs, would give each the sum of $7,012.35. After this sale, receipts were entered of record; Dick receipting to Martha, the plaintiff, the recognizance for $3,221.73; and she receipting to the sheriff, who had been appointed trustee to sell part 'A' for $7,012.35. The plaintiff now sues for her share of the profits of the land, which she contends Major Dick received and has not accounted for up to the time the land was disposed of by proceedings in the orphans' court; and also, for the difference between $3,221.73, the amount of her recognizance, and $7,012.35, the one half of the net proceeds of the sale. This difference as we understand it, would amount to some $3,790, without computing interest.

"Taking up first the claim for the proceeds of the farm, which is less important as to the amount at least, the plaintiff contends that Major Dick had the management of the whole farm and has not fully and honestly accounted to her for her share of the proceeds. In addition to her own testimony she also called Philip Fisher to prove that Major Dick tendered to her $950, which she refused; and Peters and Cowan were called, who, it seems, farmed the land, and who testified as to the terms of their respective leases and what the farm would produce.

"In reply to this, as to the offer of the money testified to by the witness Fisher, the defendant says that the purpose of the offer was by way of compromise, and to end all demands that she might have against him. If you believe this version of the transaction, an offer thus made cannot be accepted as an acknowledgment of an indebtedness. In plain terms, where there is a dispute, and a tender of money is made to end the dispute, by way of compromise, such offer will not be received as evidence of an acknowledgment of indebtedness. The defendant also pro-

duced checks and receipts for the sawing of lumber, bills for lumber, etc., which he says he paid for the plaintiff in and about this farm. He also offered evidence of the payment of $400 by him to the witness Pool to meet a legacy, or part of a legacy, payable by the plaintiff under the will of her father. He further says that she, herself, took away grain raised upon the farm, in pursuance of written agreements which she and Mrs. Dick entered into with persons who farmed the land for them; that in summing up the accounts all that was due her was $20, which he says he afterwards discovered had been paid; and he testifies that, in this respect, there is nothing due the plaintiff. If this version be correct, then the plaintiff would not be entitled to recover on this account. You will say how this is, however, from the whole of the evidence, and determine this question of fact as to the rent, or the charges for the proceeds of the farm.

"Turning then to the main question in dispute, as we view it —Is the plaintiff entitled to your verdict for the difference between the amount of her recognizance and the one half of the net proceeds of the sale of part 'A' of the land? It is conceded that no money passed although receipts were given; that the plaintiff paid no money to Major Dick when he receipted her recognizance and that she received no money when she gave the receipt to the trustee. Nor is it seriously controverted that Major Dick was the real purchaser at the sale—at all events, the evidence would justify you in believing he was—that he purchased the land through Esquire Hamilton.

"The proceedings in partition, the acceptance of part of the land by the plaintiff, and the sale of the other part were legitimate. As between the parties, the receipts which passed are but prima facie evidence of payment; but no money, as we have seen, in fact was passed; and the plaintiff, in the absence of a good and sufficient defense would be entitled to recover. Or, as is said by the supreme court: 'The defendant may show, if he can, a contract which defeats her right to recover. The plaintiff's action to recover her share of the purchase money is in affirmance of the sale, and neither party can now question its fairness and validity.'

"The parties differ widely as to what the arrangement was when the land was brought into partition. The plaintiff says Major Dick brought about the proceedings, and that he agreed with her that he would convey the land to her if it was allowed

to go to sale and he should become the purchaser; and that with this promise or parol contract, or arrangement, by whatever term it may be known, she says that she receipted for her share of the purchase money. If this be so, she may compel the defendant to refund the money, although she could not compel him to make a deed.     A parol agreement for the sale of land is invalid under our statute of frauds and perjuries; but if the purchase money be paid in pursuance of such contract it may be recovered back by a personal action.   So that if such an arrangement was made and the plaintiff gave the receipt in pursuance thereof the defendant would be required either to give her the land or pay her back her money; in the absence, of course, of a sufficient defense.     In the absence of any contract, the only question would be whether the plaintiff received her share of the purchase money; and the fact being conceded that she was not paid the money, the plaintiff's right to recover, in such case, would be established.

"Upon the part of the defendant it is earnestly contended that there was a full and satisfactory arrangement between him and the plaintiff that she was to take, as her full share of the land, the purpart marked 'B,' after having received the difference in the acreage and the difference of the sum of money in the valuation; and that she relinquished all her right to the part of the land that was sold; and that the receipt was given in accordance with such arrangement.   Conceding this to have been shown to your satisfaction we instruct you that such arrangement, being in parol, could not affect the title to the land sold.

"Title to land cannot be established by parol; nor the same enforced, unless there be a full and exclusive surrender of possession and such valuable improvements made by the purchaser as would make it unjust and inequitable to compel him to give up the land. And in addition, such parol contract must be shown by satisfactory evidence.   But if the plaintiff, at the time she gave the receipt for $7,012.35, did so with the full, conscious, and intelligent belief that she had fully received her share out of the whole of the land less a fraction in the number of acres and the difference in the appraised value, and this was the moving cause which induced her to sign the receipt; and if, without regard to any promises made by Major Dick, she gave the receipt which represented the money, she cannot now complain of what she voluntarily did.   The $7,012.35 was hers, as she now

contends for, and she had the right to do with it as she pleased. [I wish to be understood: if she gave the receipt on the faith of promises made by Major Dick, or in pursuance of previous arrangement made with him, she would not be precluded if she was dissatisfied with the disposition made of the land at the time the receipt was given. In plain terms: she would not be bound by this previous parol contract—if you believe there was such a contract between Major Dick and herself. But if, at the time she paid the money she voluntarily gave up to the guardian of her nephew that share of the purchase money, with a full understanding of what she was doing—she was of age and could act for herself].

"This instruction is not inconsistent with our answers to the points submitted by counsel."

Plaintiffs presented the following points:

1. The arrangement which the defendant, Mr. Dick, and Mr. McAfee set up to defeat the recovery by the plaintiff of her share of the proceeds of sale of the part marked "A," rests in parol, and, by reason of the statute of frauds and for want of mutuality, is not an available defense, even if the jury should believe Dick's version of the arrangement set up by him as a defense. *Answer.* This point may be affirmed. We cannot do so, however, without a remark. The witness Mr. McAfee, is not a party to the action. He sets up no defense but was called as a witness. We rule the point on the ground that a parol contract cannot be set up to affect title to land.

2. If the proceedings in partition had not been begun and Jeremiah Dick had died seised of the undivided one half of the land, then, under the will of the father, and the intestate laws of the state, Mrs. Milligan would have become the owner of three fourths of the entire tract, subject to a life estate of Dick in the one fourth. Affirmed.

3. Under the proceedings in partition, the value of part "B" was fixed by the appraisement, and Mrs. Milligan was liable to M. M. Dick as guardian of his son, in the sum of $3,221.71, being one half the valuation money. The value of part "A" was fixed by the sale, which made the defendant, Dick, if he was the real purchaser, liable to Mrs. Milligan in the sum of $7,-012.35, the one half the purchase money less costs. Affirmed.

4. It being an admitted fact in the case that the recognizance

for $3,221.71 was satisfied and the receipt for $7,012.35 signed
without the payment of any money, the defendant, Dick, is
liable to pay the difference between said sums, with interest, un-
less he can show, by clear and satisfactory evidence, a contract
which relieves him from so doing, and the burden of such proof
is on him.     Affirmed.

Defendant *inter alia,* presented the following point:

1. If the plaintiff and defendant agreed that plaintiff could
take whatever part she wanted and the part not taken should go
to sale for the purpose of converting it into personalty; and part
of this agreement was that if the defendant got this purpart "A"
at the sale, he was to account with plaintiff at the appraised
value of the two parts, making her equal in amount of acres and
value, and the receipts were exchanged for that purpose and pur-
suant to that agreement, the plaintiff cannot recover in this
action for the price of land sued for.     Refused.

Verdict was rendered for plaintiffs, and defendant took this
writ, assigning as error the portion of the charge embraced in
brackets, the answers to plaintiff's points and the refusal to af-
firm defendant's first point.

*Wentling & Miller* and *McAfee, Atkinson & Peoples,* for
plaintiff in error.—If, in point of fact, the contract between Dick
and Mrs. Milligan was fully executed, as Dick contends it was,
and Mrs. Milligan knew all the facts and circumstances leading
up to that contract, and she had ratified and confirmed it by her
subsequent acts, the statute could not be interposed in her be-
half.     Miller's Appeal, 30 Pa. 478; Pearsoll v. Chapin, 44 Pa.
9; Negley v. Lindsay, 67 Pa. 217, 5 Am. Rep. 427; Seylar v.
Carson, 69 Pa. 81.

*H. P. Laird* and *Moorehead & Head,* for defendants in er-
ror.—If the alleged arrangement between Mrs. Milligan and
Dick was by parol, it was void.     Galbreath v. Galbreath, 5
Watts, 146; Snively v. Luce, 1 Watts, 69; Gratz v. Gratz, 4
Rawle, 411.

The language covered by the fifth assignment of error is not
exactly correct, and taken by itself alone might mislead the jury.
It is, however, so qualified by the general charge that no harm
was done.     Millwood Coal & Coke Co. v. Madison, 1 Sad. Rep.
269.

In that case the answer was a simple affirmation; here it is a simple negation. So the cases are alike on principle. See also Pierce v. Cloud, 42 Pa. 102, 82 Am. Dec. 496.

This court will not reverse, on a critical objection to the charge, if the judge has so expressed himself as to be understood by the jury. Horton v. Chevington & B. Coal Co. 2 Pennyp. 48; Kerr v. Sharp, 14 Serg. & R. 399.

Inasmuch as plaintiff could not enforce against Dick the stipulations on his part by reason of the statute of frauds, the defense that the contract is invalid, being a parol contract about land and so void under the statute, is not available. Sands v. Arthur, 84 Pa. 479.

The confirmation of a void contract is affected with the original taint. Negley v. Lindsay, 67 Pa. 217, 5 Am. Rep. 427; Seylar v. Carson, 69 Pa. 81; Washabaugh v. Entriken, 36 Pa. 513; Miranville v. Silverthorn, 48 Pa. 147.

OPINION BY MR. JUSTICE TRUNKEY:

In the defendant's argument, after stating the contract and performance thereof as alleged by himself, it is said: "The plaintiff in error now contends that the receipt for $7,012.35 was signed by Mrs. Milligan on the 27th day of May, 1872, in the consummation or execution of the arrangement or contract which was entered into by the parties and as above set forth.

On the other hand, Mrs. Milligan claims that she signed the receipt for $7,012.35 on the faith of M. M. Dick's promise to convey purpart "A" to her; and he having failed to fulfil his promise, she brings suit for the difference between the face of the receipt and the face of the recognizance which Dick receipted to her. The manner in which this receipt was procured was the issue of fact which should have been submitted to the jury.

That is a fair statement of the question of fact on the determination of which depended the plaintiff's right to recover, and we think it was properly submitted. In the general charge the learned judge stated the contention of each party at length; instructed the jury that if the arrangement was made as alleged by the plaintiff, and she gave the receipt in pursuance thereof, the defendant would be required either to give her the land or pay her back her money. "In the absence of any contract, the only question would be whether the plaintiff received her

share of the purchase money; and the fact being conceded that she was not paid the money, the plaintiff's right to recover, in such case, would be established. . . . But if the plaintiff, at the time she gave the receipt for $7,012.35, did so with the full, conscious, and intelligent belief that she had fully received her share out of the whole land, less a fraction in the number of acres and the difference in the appraised value, and this was the moving cause which induced her to sign the receipt; and if, without regard to any promises made by Major Dick, she gave the receipt which represented the money, she cannot now complain of what she voluntarily did. . . . In plain terms: she would not be bound by this previous parol contract . . . between Major Dick and herself. But if, at the time she paid the money, she voluntarily gave up to the guardian of her nephew that share of the purchase money with a full understanding of what she was doing—she was of age and could act for herself."

Thus were the jury instructed with reference to the fact in dispute, and they were told that the instruction was not inconsistent with the answers to the points presented by counsel. This was equivalent to charging that if they found the contract as alleged by the plaintiff she was entitled to recover; otherwise, the verdict should be for the defendant. And the answers to the points were not to be understood as inconsistent with the instruction touching their disposition of the controlling fact in the case.

The affirmance of the plaintiff's first point was put "on the ground that a parol contract cannot be set up to affect title to land." In the charge the same thing was said in substance, but it was also said, in effect, that though the plaintiff was not bound by such parol contract, if made, yet if she voluntarily gave up her share of the purchase money she could not complain. Had the jury believed there was a parol contract made and performed as alleged by Dick, and that Mrs. Milligan gave the receipt in pursuance thereof, under the charge the verdict would have been for the defendant. True, the refusal of the defendant's first point is inconsistent with the instruction in the charge, but we think it plain that it did not mislead the jury from proper consideration of the real question.

There was no error in the affirmance of the plaintiff's fourth point. The amount of money belonging to each party to the

proceeding in partition is shown by the record. The plaintiff gave a receipt for the whole of her share to the defendant. He admits he did not pay the money, and sets up a contract which, if made, relieved him from the payment. The burden was on him to establish that contract by clear and satisfactory evidence.

Judgment affirmed.